IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD S. MORRIS, JR. and<br>JAY POSNER | : | CIVIL ACTION |
| | : | |
| | : | NO. 06-2133 |
| v. | : | |
| | : | |
| I.C. SYSTEMS, INC. | : | |

O'NEILL, J.                                                                                        MAY 15, 2009

## MEMORANDUM

On May 19, 2006, plaintiff Donald S. Morris, Jr. filed a complaint against defendant I.C. Systems, Inc. An amended complaint was filed on June 7, 2006 by plaintiffs Donald S. Morris, Jr. and Jay Posner. Plaintiffs filed this action against defendant for its alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., and related state laws. Specifically, plaintiffs alleged that defendant engaged in abusive, deceptive and unfair collection practices when it pursued plaintiffs for the debts of others that plaintiffs were not responsible for despite plaintiffs having provided notice that defendant had the wrong individuals. The pursuit included repeated telephone calls and unlawful credit reporting.

This consumer protection action was arbitrated pursuant to this District's Local Rules on April 16, 2008. Defendant agrees that plaintiffs are entitled to arbitrator's awards of $10,000 to plaintiff Morris and $8,500 to plaintiff Posner. Though defendant originally appealed the awards, it subsequently agreed to be bound by them in a settlement conference with Magistrate Judge Restrepo on October 3, 2008. Because the parties could not resolve the issue of attorneys' fees and costs, they stipulated that plaintiffs may move this Court for an award of attorneys' fees and costs via a fee petition which defendant may challenge.

On October 27, 2008, plaintiffs moved pursuant to the fee-shifting provision of the Fair

Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692k, for an award of attorneys' fees and reimbursement of costs. The FDCPA mandates award of fees and costs to the consumer in the case of a successful action to enforce liability. See 15 U.S.C. § 1692k(a)(3). Both parties agree that plaintiffs are the prevailing parties in this action. I have before me plaintiffs' motion for attorneys' fees and reimbursement of costs, defendant's response and plaintiffs' reply thereto.

I.      Attorneys' Fees

A court has broad discretion in fashioning a reasonable award of attorneys' fees under the FDCPA. Minnick v. Dollar Financial Group, Inc., 2002 WL 1023101, at *7 (E.D. Pa. May 20, 2002), citing Bell v. United Princeton Prop., Inc., 884 F.2d 713, 721 (3d Cir. 1989). The party seeking attorneys' fees has the burden to prove that its request is reasonable; to meet this burden, that party must submit evidence to support the hours and billing rates it claims. Potence v. Hazleton Area Sch. Dist., 357 F.3d 366, 374 (3d Cir. 2004), citing Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). The "initial estimate of a reasonable attorney[s'] fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 888 (1984). This method of calculating attorneys' fees is known as the lodestar method. Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546 (1986). The lodestar amount is presumed to be reasonable. Rode, 892 F.2d at 1183.

A court may reduce the award of attorneys' fees by an amount to be determined solely by the court, but only on the factors raised by the opposing party in objecting to the application for fees. Minnick, 2002 WL 1023101, at *7, citing Rode, 892 F.2d at 1183. Excluded from the lodestar calculation are hours not reasonably expended, such as hours attributable to

over-staffing, hours that appear excessive in light of the experience and skill of the lawyers and hours that are redundant or otherwise unnecessary.  See Hensley, 461 U.S. at 434.  The court may also deduct from the award hours that are not adequately documented.  Id. at 433.  Thus, "it is necessary that the Court go line by line through the billing records supporting the fee request." Evans v. Port Auth. of N.Y. and N.J., 273 F.3d 346, 362 (3d Cir. 2001).

The lodestar amount may be downwardly adjusted to account for time expended litigating unsuccessful claims if the plaintiff was only partially successful in the underlying litigation.  Id. at 434-37.  This adjustment is not meant to maintain any ratio or proportionality between the amount of damages and attorneys' fees, but, rather, to assure that fees are awarded only to the extent that the litigant was successful.  Washington v. Phila. County Court of Common Pleas, 89 F.3d 1031, 1042 (3d Cir. 1996).  The amount of this downward adjustment can be determined in two ways:  the "district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.  The court necessarily has discretion in making this equitable judgment."  Hensley, 461 U.S. at 436-37.

In this case, plaintiff requests reimbursement for 267.6 hours of work totaling $74,491.00 and has submitted the required documentation as to how that figure was calculated.[1]  Plaintiffs request an additional fee of $1,165.50 for 3.7 hours spent on the reply brief to defendant's objection to the fee petition.  Defendant objects to an attorneys' fee award of this amount on the basis that plaintiffs' counsels' billing rates are unreasonable and that the amount is based upon inflated and duplicative billing.

---

[1] While the attorneys' fees requested are several times the amount of damages awarded, I may not consider the relationship between the two when calculating the appropriate fee award. Minnick, 2002 WL 1023101, at *9, citing Washington, 89 F.3d at 1042.

First, defendant argues that the billing rates used to calculate plaintiffs' lodestar are unreasonably high. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputations. Blum v. Stanson, 465 U.S. 886, 889 n.11 (1984). "The plaintiff bears the burden of producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case. Once the plaintiff has carried this burden, defendant may contest that prima facie case only with appropriate record evidence. In the absence of such evidence, the plaintiff must be awarded attorney[s'] fees at her requested rate." Smith v. Phila. Hous. Auth., 107 F.3d 223, 225 (3d Cir. 1997), citing Washington, 89 F.3d at 1035.

Plaintiffs assert and support via affidavits and curricula vitae in their fee petition that their attorneys and paralegals should receive attorneys' fees based on an hourly rate as follows: James A. Francis, $390.00; Mark D. Mailman, $390.00; John Soumilas, $315.00; Geoffrey Baskerville, $290.00; Michael Szymborski, $275.00; Bryan V. Arner, $275.00; Dania Richardson, $120.00; Danielle Spang, $120.00 and Alicia Bungy, $120.00. Defendant does not argue that plaintiffs' counsel are not experienced and well-qualified attorneys; instead, it argues that I should apply the fees awarded to this firm in Mincey v. Trans Union, LLC, Civ. No. 05-6282 (E.D. Pa. Apr. 19, 2006) because there was opposition to attorneys' fees in that case rather than those applied in Mann v. Verizon, Civ. No. 06-5730 (E.D. Pa. Sept. 26, 2008) and Smith v. Chili's, Civ. No. 07-1905, in which plaintiffs' motion for attorneys' fees were granted as unopposed. However, as is required in all approvals of attorneys' fees, my colleagues Judges Dubois and Savage explicitly approved the fees in Mann and Smith. I also find these fee levels to be reasonable for attorneys

4

and paralegals of this experience in this community.

Second, defendant objects to plaintiffs' counsels' method of "block billing," arguing that it is impossible to know what an attorney was working on in order to determine whether the hours submitted are reasonable. A prevailing party may request fees for work that is "useful and [of] the type ordinarily necessary to secure the final result obtained." Del. Valley Citizens' Council, 478 U.S. at 560-61, internal quotation omitted. The fee petition must be sufficiently specific to allow the court to determine if the hours claimed are unreasonable for the work performed. See Washington, 89 F.3d at 1037-38, holding that "computer-generated summaries of time spent by each attorney and paralegal," if they provide "the date the activity took place," are sufficiently specific. I find the time sheets and affidavits submitted to be sufficiently detailed to permit determination on the reasonableness of the hours that plaintiffs' attorneys expended on these cases.

Third, defendant argues that plaintiffs' attorneys' fees are unreasonable because the attorneys duplicated efforts in several ways. Defendant argues that plaintiffs' attorneys should not be able to submit hours for (a) reviewing the work of other attorneys; (b) preparing and reviewing the same documents on consecutive days; (c) an excessive number of internal conferences; (d) excessive time spent reviewing emails and ECF filings; (e) time that is unrelated to filings; and (f) two attorneys attending the settlement conference.

"In computing what is a reasonable award of attorney[s'] fees in a particular case, the court should consider, among other things, the novelty and complexity of the issues presented in th[e] case." Good Timez, Inc. v. Phoenix Fire and Marine Ins. Co., Ltd., 754 F. Supp. 459, 463 (D. V.I. 1991), citing Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp., 487

F.2d 161, 168 (3d Cir. 1973).  Compensation for paralegal fees and the services of more than one attorney is only proper if there is no unreasonable duplication of effort.  Disciullo v. D'Amrosio Dodge, Inc., 2008 WL 4287319, at *5 (E.D. Pa. Sept. 18, 2008), quoting Rode, 892 F.2d at 1187, stating that a court may eliminate hours as duplicative "if the attorneys are unreasonably doing the same work."

This case involved consumer debt collection.  Plaintiff Posner's case involved excessive phone calls from defendant for the alleged debt of another individual and plaintiff Morris' case involved defendant improperly pursing Morris for the debt of his father who shares the same name.  These issues were neither novel nor complex, particularly considering the expertise of the plaintiffs' attorneys and their law firm.  The firm biography states that the law firm "concentrates in consumer protection litigation . . . in the areas of unlawful credit reporting and debt collection practices . . ." and the individual attorneys' biographies also reference expertise in these areas.  Although plaintiffs respond that the case would not have lasted over two years if it was simple, the small number of filings in this matter and the substance of these filings do not support that its length was due to any complex issues.  There were no dispositive motions filed and the other motions merely included joint motions for extensions of time, an uncontested motion to remand to arbitration and a demand for a trail de novo to which plaintiffs did not respond.  There were 7 depositions, settlement conferences and an arbitration hearing.  Plaintiffs did prepare points of charge and a pre-trial memorandum but the case did not go to trial.  Plaintiffs argue that defendant's failure to consider settlement seriously, making plaintiffs file a motion to compel depositions by refusing to produce witnesses and appealing the arbitrators' decision only to later resolve the matter as ruled justifies the fees.

Considering the expertise of the attorneys involved in consumer rights' litigation similar to this case, Mailman's declaration[2] and the records supporting the fees do not reflect that a reasonable numbers of hours were expended.  For example, the record is replete with inordinately large amounts of time claimed for reviewing and revising documents created by other attorneys, for conferences between attorneys and for reviewing email.  Some examples of the excessive time spent on reviewing and revising documents are apparent from the time records.  The time records indicate that the seven-page complaint took Szymborski 3.80 hours to prepare, draft, review and revise and Mailman another 3.60 hours to review.  This is of concern when viewed in combination with the thirteen-page amended complaint, which merely added the factual allegations for the additional plaintiff Posner and the additional claim for invasion of privacy, that took Szymborski over 7 hours over 4 days to prepare, draft, review and revise and Mailman

---

[2] Mailman's declaration summarizes the tasks undertaken by his firm for plaintiffs' cases as follows:

> (a) conferring with the Plaintiffs, performing the initial investigation, selecting the claims, and developing the theory of liability;
> (b) drafting the Complaint and Amended Complaint;
> (c) drafting all written discovery requests;
> (d) producing discovery to Defendant;
> (e) taking depositions of ICS witness and a 3rd party witness;
> (f) defending Plaintiffs' depositions;
> (g) preparing Plaintiffs' Points of Charge;
> (h) preparing Plaintiffs' Pretrial Memorandum;
> (i) researching legal issues in response to numerous submissions filed by ICS;
> (j) drafting and responding to correspondence from counsel
> (k) coordinating with 3rd party witnesses and obtaining discovery from them;
> (l) attending multiple court hearings/conferences;
> (m) preparing for and representing Plaintiffs' at the arbitration;
> (n) attending two post-arbitration conferences;
> (o) preparing the fee petition

another 3.60 hours to review.  The time records indicate that Arner spent 2.00 hours preparing a four-page motion to compel depositions that merely included a factual list of the notices provided, a few exhibits and a brief mention of the applicable law and that Soumilas spent an additional 2.5 hours reviewing, revising and finalizing the motion to compel and reviewing exhibits and preparing for filing.  While Mailman explains in his declaration that at his firm on some cases, for the purpose of efficiency, different attorneys handle different functions but that these functions do not overlap, the time records show that the process of reviewing and revising short documents were taking attorneys as much or more time than it took the attorneys who drafted it.  This process can hardly be seen as efficient and involved unreasonable duplication of effort.

  Additionally, plaintiffs' attorneys spent an unreasonable amount of time in internal status and strategy conferences for such experienced lawyers dealing with a case of such simple facts and familiar law.  For example, the time records indicate approximately eight conferences on preparation and strategy in a ten month period for over ten hours total.  Also, defendants point out that on several occasions plaintiffs' attorneys billed .2 hours, or 12 minutes, for reviewing emails and ECF notifications when such emails did not require such a length of time.  While plaintiffs did not include the full text of every relevant email, having reviewed the selection of emails offered as exhibits to plaintiffs' fee petition, I must agree that .2 hours is excessive to read messages comprising 2 to 5 sentences.  It was also an unnecessary duplication of responsibilities and hours to have both Mailman and Soumalis attend the settlement conference, which could have been handled by Mailman or Soumalis alone.  See Sheffer v. Experian Information Solutions, Inc., 290 F. Supp.2d 538, 546 (E.D. Pa. 2003).  The above are examples of inefficient,

duplicative and unnecessary work apparent in the handling of this case by plaintiffs' attorneys.[3]

My review of the declarations and the record leads me to conclude that the claimed number of hours is unreasonable for this case. In light of this determination, a percentage deduction approach is most appropriate. See, e.g., Gorini v. AMP, Inc., 117 Fed. Appx. 193, 196-97 (3d Cir. 2004), citing Daggett v. Kimmelman, 811 F.2d 793, 797 (3d Cir. 1987), holding that district court judges must not act perfunctorily in ordering percentage reductions but rather, "must analyze the circumstance requiring the reduction and its relation to the fee, and it must make specific findings to support its action," which in this case included numerous instances in which three or four attorneys spent time drafting the same memoranda, preparing for oral argument and attending court; Good Timez, Inc, 754 F. Supp. at 464. Upon an examination of all of the entries contained in the declarations, I find that reducing the claimed amount by 15% will adequately correct for duplicative or unnecessary legal work. Accordingly, the amount of the requested attorneys' fees of $74,491.00 plus the additional fee of $1,165.50 for the reply brief for a total of $75,656.50 is reduced by 15% to $64,308.03. As discussed below, I will add $376.00 to the attorneys' fees to cover computerized legal research for a total fee amount of $64,684.03.

II.     Costs

Defendant also contends that plaintiffs' request for reimbursement for $4,208.00 in court costs and fees must be reduced because it claims that neither "Westlaw legal research for entire

---

[3] Additionally, the time sheet of Baskerville includes an entry for .2 hours simply indicating that all prior entries were those of Bryan V. Arner, which is not a billable action.

case duration," submitted at $376.00, nor "Fed Ex Expense," submitted at $49.48,[4] are permitted under 28 U.S.C.A. § 1920.[5]  Plaintiffs do not address this contention in their reply.

Although district courts have discretion under Rule 54(d) to decline to tax certain costs enumerated in 28 U.S.C. § 1920 against the losing party, the Supreme Court has made clear that courts may include as costs only those items specifically enumerated in that statute.  Minnick, 2002 WL 1023101, at *10, citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987).  Computerized legal research expenses are not included as costs under 28 U.S.C. § 1920.  Id., citing Boyadjian v. CIGNA Cos., 994 F. Supp. 278, 281-82 (D. N.J. 1998), aff'd, 203 F.3d 816 (3d Cir. 1999); Nugget Distrib. Coop. of America, Inc. v. Mr. Nugget, Inc., 145 F.R.D. 54, 58-59 (E.D. Pa. 1992).  These expenses are more accurately considered part of the attorneys' fees.  Id.  As a result, I will add $376.00 to the attorneys' fees to be recovered by plaintiffs for

---

[4] Defendant asserts in its response that the Fed Ex Expense was submitted at $160.00. This appears to be an error as plaintiffs have included it as $49.48 in their costs chart in Exhibit B, attached to their fee petition and a review of the plaintiffs' total calculation of costs includes the $49.48 figure and not $160.00.

[5] A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C.A. § 1920.

computerized legal research expenses.

Additionally, postage and messenger services are not recoverable under 28 U.S.C. § 1920 as these charges are assumed to be part of the normal operating expenses of an attorney's office and are already included within the attorneys' fees.  <u>See, e.g.</u>, <u>Nugget Distrib.</u>, 145 F.R.D. at 58. I will therefore disallow this cost and will reduce costs by $49.48.

Defendant does not object to any of the other costs asserted by plaintiffs.  I will therefore award costs to plaintiffs in the amount of $3,782.52.

Plaintiffs' counsel have considerable experience and expertise in conducting this kind of consumer protection litigation and therefore, for cases with such simple facts, limited filings and clear law, the time expended was excessive.  Accordingly, I will expect them to be more efficient in the expenditure of time on any future cases.

An appropriate Order follows.